AFAMILIONA FA'ATASIGA, Plaintiff

v.

THE M/V OCEAN PEARL, Defendant in rem;
INTEROCEAN SHIPS, Inc.,
and Estate of JOHN MEDINA, Defendants in personam

In the Matter of the Complaint of INTEROCEAN SHIPS, Inc.,
Owner and Operator of the M/V "OCEAN PEARL,"
for Exoneration from or Limitation of Liability

High Court of American Samoa
Trial Division

CA No. 152-83
CA No. 43-84

May 6, 1991

Before REES, Associate Justice.

Counsel: For Plaintiff, Roy J.D. Hall and Paul F. Cronin
For Defendant Interocean Ships, Inc., William H. Reardon,
William L. Banning, and Stephen T. Erb
For Defendant Estate of John Medina, Charles V. Ala'ilima
and Charles Schoemaker, Jr.

The first of the two above-captioned actions, CA No. 152-83, was a personal-injury action filed in 1983 and dismissed in 1988. (The dismissal was technically for lack of prosecution, but it appears from the

59

file of the other action, CA No. 43-84, that a settlement in CA No. 152-83 had been reached in 1986.)

The second action, CA No. 43-84, arose out of a petition by plaintiff Interocean Ships for limitation of liability. The court entered a judgment on February 20, 1987, assessing the value of the ship at $1.9 million and limiting liability to that amount. Two parties appealed, but both appeals were voluntarily dismissed.

The Court has now received a request for approval of a stipulation in what appears to be a related case, *Lulley v. M/V Ocean Pearl*, Case No. 86-189-CIV-T-17, in the United States District Court for the Middle District of Florida. The stipulation represents that the Florida action was "stayed by order of the High Court of the American Samoa" and that "[t]he said stay is still pending at this time." It appears to request the High Court to lift the stay of the Florida action so as to allow the transfer of that action to the Southern District of California.

The High Court's file in the above-captioned cases, however, reflects no order staying the Florida action. On the contrary, the record in CA No. 43-84 reflects that the Court, in a written and reported decision, refused to enter such an order. *In re Complaint of Interocean Ships, Inc.*, 2 A.S.R.2d 21 (1984). This decision was upheld by the Appellate Division on the ground that the High Court of American Samoa has no authority, statutory or otherwise, to order a stay of admiralty proceedings in a federal district court. *In re Complaint of Interocean Ships, Inc.*, 2 A.S.R.2d 76 (1985). The Appellate Division held, however, that the High Court's general admiralty jurisdiction does comprehend the substantive principle of admiralty law that a shipowner's liability may be limited to the value of the ship (although not the power given by statute to federal district courts to enforce this principle by injunction, pending the outcome of the limitation proceeding). The Appellate Division remanded the action to the Trial Division for further proceedings consistent with its holding. *Id*. at 80-81. These proceedings resulted in the aforementioned February 1987 decision assessing the value of the ship at $1.9 million and limiting the shipowner's liability to that amount.

Because there is no stay for this Court to lift, the requested approval of the proposed stipulation would be without any apparent legal or practical effect.